FILED
U.S. DISTRICT COURT

2000 MAR 14 A 8: 33

LORETTA G. WHYTE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COBB INVESTMENT COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0091 c/w** |
| | **00-0311** |
| **PICCADILLY CAFETERIAS, INC., et al.** | **SECTION "T" (2)** |

## ORDER AND REASONS

This cause came for hearing on a previous date upon the motion of the Defendants, Piccadilly Cafeterias, Inc., et al., to Dismiss, to Stay, or to Transfer Venue to the Middle District of Louisiana. Oral argument was not entertained by the Court; therefore the matter was taken under submission on the briefs only. The Court, having studied the record, the legal memoranda submitted by the parties, as well as the applicable law and jurisprudence, is now fully advised and ready to rule.

### I.   BACKGROUND

This case arises out of an action for breach of contract, breach of express and implied warranties, and breach of the covenant against willful concealment or fraud. The Plaintiff, Cobb Investment Company, Inc. ("Cobb"), is a Delaware corporation with its principal place of business in Florida. The Defendants, Piccadilly Cafeterias, Inc. ("Piccadilly Cafeterias") and Piccadilly Restaurants, Inc. ("Piccadilly"), are Louisiana corporations with their principal places of business

DATE OF ENTRY

MAR 1 4 2000

Fee _____
Process _____
X  Dktd _____
___ CtRmDep _____
Doc.No. 9

in Baton Rouge, Louisiana.

Pursuant to a Stock and Asset Purchase Agreement dated January 15, 1999, as amended by a Consent and Waiver Agreement (the "Agreement") dated March 10, 1999, Piccadilly conveyed, sold, transferred, and delivered to Cobb, all right, title, and interest of all assets owned and used by Piccadilly in connection with the operation of seven Ralph & Kacoo's Seafood Restaurants (the "Business"). The Agreement between the parties provided for a post closing "Final Adjustment," which stated that if the Business's "Closing Date Working Capital" was not determined within sixty days of the of the closing date, the parties would be subject to binding arbitration on those matters. Cobb also purchased from Piccadilly all of the common stock of Cajun Bayou Distributors and Management, Inc. ("Cajun Bayou"), which owned assets used exclusively in the operation of the Business. A Bill of Sale, Assignment and Assumption was executed by the parties on March 30, 1999, which was the closing date of the transaction.

After the closing date, disputes arose between Piccadilly and Cobb regarding the rights and obligations of the parties under the Agreement. Eleven months later, Piccadilly filed a petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in order to resolve these disputes. In its petition, Piccadilly asked the court for resolution of the following matters: 1) the calculation of the "Closing Date Working Capital;" 2) whether Piccadilly breached the Agreement in that they were, or should have been, aware of certain problems including, but not limited to, alleged discriminatory employment practices and/or improper business practices at the Bossier City Ralph & Kacoo's restaurant and/or at Cajun Bayou which should have been disclosed to Cobb. On January 10, 2000, Cobb removed Piccadilly's suit to the United States District Court for the Middle District of Louisiana (hereinafter "Middle District action"). Concomitant with that removal, Cobb filed a Motion to Stay Action and Compel Arbitration in the

2

Middle District.

Cobb then filed the instant action which includes the following claims: 1) breach of contract for misrepresentation and willful concealment of EEOC complaint; 2) breach of contract for willful concealment of personnel and operational deficiencies; and 3) breach of contract for willful violation of representations of compliance with law and regulations.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES

### A. Defendant's Argument in Support of the Transfer

The Defendant asserts that the claims arising out of the complaint in the Eastern District Action arise out of, and are identical to and/or substantially overlapping with, the facts and claims asserted in the Middle District action. The Defendant argues that the complaint in the instant action, like the complaint in the first-filed Middle District action, seeks a determination as to whether Piccadilly has breached its obligations to Cobb under the Agreement. In accordance with the first-filed rule, the Defendant argues that this action should be dismissed or transferred to the Middle District to determine whether or how this action should proceed.

The Defendant contends that the first-filed rule applies, as in this case, where the overall content of two actions "would overlap to a substantial degree." Mann Mfg., Inc., v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971). The Defendant further argues that the first-filed rule warrants dismissal of the second-filed action to avoid duplicative litigation "where the issues presented can be resolved in an earlier-filed action pending in another district." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985). The Defendant asserts a dismissal or transfer of this action would allow the Middle District to fully address all matters in the interest of judicial economy.

3

Lastly, the Defendant contends that this Court does not have discretion to retain jurisdiction over the second-filed action: "Once the likelihood of substantial overlap between the two actions ha[s] been demonstrated, it [is] no longer up to [the second-filed court] to resolve the question of whether both should be allowed to proceed." Mann Mfg., 439 F.2d at 408.

### B.   Arguments of the Plaintiff in Opposition to the Transfer

The Plaintiff argues that the "first-filed" rule is not to be followed where compelling circumstances dictate that the first action be dismissed. The Plaintiff contends that "compelling circumstances" include situations where a declaratory judgment is filed in anticipation of another lawsuit in order to choose a forum during the good faith negotiations of another party. The Plaintiff argues that instead of responding to their good faith negotiations, the Defendant instituted a declaratory judgment action.

In support of its argument, the Plaintiff cites a series of cases holding that the first-filed rule is not to be followed when plaintiffs have "forum shopped" by filing suit in anticipation of being sued and when the first action should be dismissed rather than the second one. See British-Borneo Exploration, Inc. v. Enserch Exploration, Inc., 28 F.Supp.2d 999 (E.D. La. 1999), vacated, 1999 WL 58285 (E.D. La. 1999); Poche v. Gio-Ram, Inc., 1996 WL 371679 (E.D. La. 1996); Johnson Bros. Corp. v. International Bhd. of Painters, 861 F. Supp. 28, 29 (M.D. La. 1994); Stack v. Whitney National Bank, 789 F. Supp. 753 (S.D. Miss. 1991), affirmed without op., 958 F.2d 1078 (5th Cir. 1978). In Johnson Bros. Corp. v. International Bhd. of Painters, 861 F. Supp. 28 (M.D. La. 1994), the United States District Court for the Middle District of Louisiana held that the filing of an action in anticipation of another lawsuit constituted compelling circumstances which supported the dismissal of an action in favor of another action pending in a different federal district. In his opinion,

Chief Judge Parker stated that the "[a]pplication of the "first-filed" rule would penalize the [defendant] for its efforts to settle this matter out of court." See id. at 30. The Plaintiff also cites cases from other circuits that have held similarly. See Mid-American Energy Co. v. Coastal Gas Mktg. Co., 33 F.Supp.2d 787 (N.D. Ia. 1998); Northwest Airlines Inc. v. American Airlines, Inc., 989 F.2d 1002 (8th Cir. 1993).

### III.   LAW AND ANALYSIS

The principle of comity requires federal district courts to "exercise care to avoid interference with each other's affairs." West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985) (citing Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180 (1952)). "As between federal district courts, . . . the general principle is to avoid duplicative litigation." Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). To avoid both the waste of duplication and the piecemeal resolution of issues, a district court may dismiss, transfer, or stay an action where the issues presented can be resolved in an earlier-filed action pending in another district court. See id. at 729.

In the case at hand, the record shows that the overall content of each suit would likely overlap to a substantial degree. Both actions seek relief arising out of the sale of the Business and the terms of the sales Agreement. As previously stated, the first-filed ruled requires that the Middle District of Louisiana, which initially seized the controversy, should be the court to decide the case absent any compelling circumstances. See Mann Mfg., 439 F.2d at 407. Therefore, this Court must decide whether compelling circumstances exist which dictate that the first-filed rule be set aside.

"Compelling circumstances exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum." Johnson Bros., 861 F. Supp. at 29 (citing Stack

5

v. Whitney Nat. Bank, 789 F. Supp. 753 (S.D. Miss. 1991), affirmed, 958 F.2d 1078 (5th Cir. 1992); 909 Corp. v. Village of Bolingbrook Police Pension Fund, 741 F.Supp. 1290 (S.D. Tex. 1990). Courts have found that the party filing suit in anticipation of a lawsuit in another forum should not be awarded for forum shopping. See Excel Music, Inc. v. Simone, 1996 WL 5708 at *6 (E.D. La. 1996). To aid in determining whether compelling circumstances have been presented, the United States District Court for the Southern District of Texas has looked to considerations that govern transfer of venue for *forum non conveniens* under 28 U.S.C. § 1404. See Igloo Products Corp. v. Mounties, Inc., 735 F. Supp. 214 (S.D. Tex. 1990). In Igloo Products, the court relied on the list of factors used to resolve a *forum non conveniens* motion enunciated by the Supreme Court in Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). The factors to be considered are of both a private and public nature.

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. at 241, n. 6 (citations omitted).

In reviewing the submissions of the parties, this Court finds an absence of any compelling circumstances that would dictate that the first-filed rule should not be applied in the case at hand. No problems making this case more expensive and/or less expeditious will result by having the trial in the Middle District of Louisiana, where the earlier-filed action is pending. Furthermore, this Court foresees no problems with access to proof or witnesses required that would impede both parties'

right to a quick and fair trial.

Lastly, this Court finds that Piccadilly's suit in the Middle District of Louisiana does not constitute a "race to the courthouse." Piccadilly filed suit almost one full year after the disputes arose regarding the Agreement. The Declaratory Judgement Act of 1934 allows for any party to bring a complaint for a declaration of rights if an actual controversy exists. See 28 U.S.C. § 2201. Therefore, it was within Piccadilly's right to file such a complaint. Furthermore, while Cobb argues that one of the claims brought by Piccadilly in the Middle District action was subject to binding arbitration and therefore was brought in bad faith, the other claim, regarding Piccadilly's liability to Cobb for misrepresenting items which affected the purchase price, is not subject to such arbitration and therefore is a justiciable claim for declaratory judgment.

Accordingly,

**IT IS ORDERED** that the Motion to Transfer Venue to the United States District Court for the Middle District of Louisiana (Doc. 3) filed on behalf of the Defendants, Piccadilly Cafeterias, Inc. and Piccadilly Restaurants, Inc., be, and the same hereby is **GRANTED**.

New Orleans, Louisiana, this _13th_ day of March, 2000.

**G. Thomas Porteous, Jr.
United States District Judge**